**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rickie Ray Bohannan,<br><br>　　　　Petitioner,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>　　　　Respondents. | CIV 10-336-PHX-ROS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

　　Petitioner Rickie Ray Bohannan, who is confined in the Arizona State Prison Complex, South Unit in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court dismissed the Petition with leave to amend. (Doc. 4.) Petitioner has filed a First Amended Petition. (Doc. 5.) Respondents filed an Answer on August 3, 2010. (Doc. 12.) Despite having an opportunity to do so, Petitioner has not filed a reply.

**BACKGROUND**

　　On May 16, 2005, the State charged Petitioner with 11 counts related to sexual conduct with his granddaughter: four counts of sexual abuse, class 3 felonies, and dangerous crimes against children; four counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children; two counts of molestation of a child, class 2 felonies and dangerous crimes against children; and one count of public sexual indecency to a minor, a class 5 felony. (Doc. 12, Exh. A.)

The matter proceeded to a jury trial and the jury found Petitioner guilty of three counts of sexual abuse (Counts 1, 7, 10), one count of sexual conduct (Count 8), one count of molestation (Count 3), and the single count of public sexual indecency to a minor (Count 11). (Doc. 12, Exh. B.) The trial court imposed sentence on December 16, 2005, and sentenced Petitioner as follows: a 5-year term on Count 1, concurrent with Counts 3 and 7; a 17-year term on Count 3, concurrent with Counts 1 and 7; a 5-year term on Count 7, concurrent with Counts 1 and 3; a 20-year term on Count 8, consecutive to Counts 1, 3, and 7; a 5-year term on Count 10, concurrent with Count 11 and consecutive to Count 8; and a 1.5-year term on Count 11, concurrent with 10 and consecutive to Count 8. (Doc. 12, Exh. C.)

Petitioner timely commenced direct appeal proceedings and appellate counsel filed an Anders[1] Brief on his behalf. (Doc. 12, Exh. D.) On December 14, 2006, the Arizona Court of Appeals affirmed the convictions and sentences.[2] (Doc. 12, Exh. E.)

Thereafter, Petitioner filed a notice for post-conviction relief proceedings – not made part of the record on appeal – and the trial court deemed post-conviction relief proceedings commenced.[3] (Doc. 12, Exh. G.) Upon receipt of appointed counsel's notice of completion of post-conviction review, the trial court granted Petitioner an extension of time to file a *pro per* petition. (Doc. 12, Exh. H.)

On August 22, 2007, Petitioner filed a *pro per* petition contending, essentially, that a judgment of acquittal should have been entered on all the charges at the close of evidence, and that the counts were multiplicitous in violation of his double jeopardy rights. (Doc. 12, Exh. I.) The State filed a response addressing the merits of Petitioner's claims. (Doc. 12,

---

[1] Anders v. California, 386 U.S. 738 (1967)

[2] Neither a motion for reconsideration nor a petition for review was filed within the allotted time periods. (Doc. 12, Exh. F.)

[3] Pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, post-conviction relief proceedings must be commenced within 90 days after the entry of judgment and sentence or within 30 days after the issuance of the order and mandate in the direct appeal, whichever is later.

1 Exh. J.) The state court dismissed the claims pursuant to Rule 32.6 of the Arizona Rules of
2 Criminal Procedure finding that the issues should have been raised on direct appeal and were
3 precluded in post-conviction relief proceedings under Rule 32.2(a)(1)(2) and (3). (Doc. 12,
4 Exh. K.)

5 On February 15, 2008, Petitioner filed a second petition for post-conviction relief
6 titled "Amended," and contended that his lawyer was ineffective. (Doc. 12, Exh. L.) The
7 State moved to strike the pleading. (Doc. 12, Exh. M.) The trial court dismissed the petition
8 ruling that the claim should have been raised in the prior Rule 32 proceeding. (Doc. 12, Exh.
9 N.)

10 On March 31, 2008, Petitioner petitioned the Arizona Court of Appeals for review of
11 the dismissal of the ineffective assistance of counsel claim. (Doc. 12, Exh. O.) On March
12 27, 2009, the Arizona Court of Appeals summarily denied review without comment. (Doc.
13 12, Exh. P.)

14 Petitioner filed a Petition for Writ of Habeas Corpus on February 17, 2010. (Doc. 1.)
15 The Court dismissed the habeas petition and ordered Petitioner to file a compliant petition
16 by April 20, 2010. (Doc. 4.) On April 15, 2010, Petitioner filed a timely Amended Petition.
17 (Doc. 5.) Petitioner categorized his claims as follows: (1) violation of the Eight Amendment
18 proscription against cruel and unusual punishment due to the length of his sentence; (2)
19 violation of the Fifth Amendment Right against double jeopardy claiming that he was
20 improperly denied judgment of acquittal for lack of substantial evidence to warrant
21 conviction; and (3) violation of the Sixth Amendment right to the effective assistance of
22 counsel alleging that counsel failed to ask questions and secure witnesses on Petitioner's
23 behalf. (Doc. 5 at 6-8.) Respondents filed an Answer to the Petition on August 3, 2010.
24 (Doc. 12.)

25 **DISCUSSION**

26 In their Answer, Respondents assert that each claim set forth in Petitioner's habeas
27 petition is procedurally defaulted. Respondents contend that because Petitioner's procedural
28 defaults cannot be excused, the Court should dismiss these claims with prejudice.

**A.     Exhaustion and Procedural Default**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds – a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

1 Even when a claim's federal basis is "self-evident," or the claim would have been
2 decided on the same considerations under state or federal law, a petitioner must still present
3 the federal claim to the state courts explicitly, "either by citing federal law or the decisions
4 of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations
5 omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32
6 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief
7 ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

8 Additionally, under the independent state grounds principle, a federal habeas court
9 generally may not review a claim if the state court's denial of relief rests upon an
10 independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32.
11 The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

16 Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for
17 presenting a valid claim deprives the state court of an opportunity to address the claim in
18 much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order
19 to prevent a petitioner from subverting the exhaustion requirement by failing to follow state
20 procedures, a claim not presented to the state courts in a procedurally correct manner is
21 deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

22 Claims may be procedurally barred from federal habeas review based upon a variety
23 of factual circumstances. If a state court expressly applied a procedural bar when a petitioner
24 attempted to raise the claim in state court, and that state procedural bar is both

"independent"[4] and "adequate"[5] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.") (citing Harris, 489 U.S. at 264 n.10).

Furthermore, a subsequent "silent" denial of review by a higher court simply affirms a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

A procedural bar may also be applied to unexhausted claims where state procedural rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred

---

[4] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[5] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only when a state court has been presented with the federal claim,' but declined to reach the issue for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally barred.'") (quoting Harris, 489 U.S. at 263 n.9).

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h) & 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief, except for narrow exceptions); Ariz.R.Crim.P. 32.4 (time bar). Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate," either its specific application to a claim by an Arizona court, or its operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona courts have not "strictly or regularly followed" Rule 32 of Arizona Rules of Criminal Procedure); State v. Mata, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from

1  following the procedural rules of the state court and fairly presenting his claim.  "A showing
2  of cause must ordinarily turn on whether the prisoner can show that some objective factor
3  external to the defense impeded [the prisoner's] efforts to comply with the State's procedural
4  rule.  Thus, cause is an external impediment such as government interference or reasonable
5  unavailability of a claim's factual basis."  Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir.
6  2004) (citations and internal quotations omitted).  Ignorance of the State's procedural rules
7  or other forms of general inadvertence or lack of legal training and a petitioner's mental
8  condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly
9  present his claim.  Regarding the "miscarriage of justice," the Supreme Court has made clear
10 that a fundamental miscarriage of justice exists when a Constitutional violation has resulted
11 in the conviction of one who is actually innocent.  See Murray, 477 U.S. at 495-96.

12 **B.     Grounds One through Three**

13      Having reviewed that record, the Court finds that Petitioner's claims are procedurally
14 defaulted.  The Arizona Court of Appeals reviewed the appellate record for fundamental
15 error after appellate counsel submitted an Anders Brief on Petitioner's behalf.  (Doc. 12,
16 Exhs. D-E.)  The appellate court failed to find reversible error and affirmed Petitioner's
17 convictions and sentences.  (Doc. 12, Exh. E at 5-6.)

18      In post-conviction relief proceedings, Petitioner attacked the sufficiency of the
19 evidence and contended that multiplicity of counts resulted in double jeopardy.  (Doc. 12,
20 Exh. I.)  The state court dismissed the claims pursuant to Rule 32.6 finding that the claims
21 should have been raised on direct appeal and were precluded in post-conviction relief
22 proceedings by Rule 32.2(a)(1)(2) and (3).  (Doc. 12, Exh. K.)  Petitioner raised the claim
23 of ineffective assistance of counsel in a successive petition for post-conviction relief and the
24 state court dismissed the successive petition ruling that the claim should have been raised in
25 the prior Rule 32 proceeding.  (Doc. 12, Exhs. L-N.)  Petitioner only sought appellate review
26 of the ineffective assistance of counsel claim and did not present the other claims to the
27 Arizona Court of Appeals.  (Doc. 12, Exh. O.)  As a result, the three grounds for relief set
28 forth in Petitioner's habeas petition were not properly presented to state courts.

1    First, the excessive sentence ground for relief is raised for the first time on plenary 2 review and has not been presented to state courts. Consequently, this claim is not exhausted 3 because it was not fully and fairly presented to state courts. See 28 U.S.C. § 2254(b). 4 Failure to fairly present Ground One has resulted in procedural default because Petitioner is 5 now barred from returning to state courts. See Ariz.R.Crim.P. 31.3, 32.2(a), 32.4(a). 6 Although a procedural default may be overcome upon a showing of cause and prejudice or 7 a fundamental miscarriage of justice, see Coleman, 501 U.S. at 750-51, Petitioner has not 8 established that any exception to procedural default applies.

9    Second, the ground alleging a violation of the Fifth Amendment Right against double 10 jeopardy claiming that Petitioner was improperly denied judgment of acquittal for lack of 11 substantial evidence to warrant conviction is also procedurally defaulted. The state court 12 expressly applied a procedural bar when Petitioner attempted to raise the claim in post-13 conviction relief proceedings. (Doc. 12, Exhs. I-K.) The state court's express reliance on 14 Arizona's procedural rule barring post-conviction relief for claims that could have raised on 15 direct appeal constituted an independent and adequate ground barring review of Petitioner's 16 claim. See Harris, 489 U.S. at 261-62; Poland v. Stewart, 169 F.3d 573, 585 (9th Cir. 1999). 17 Petitioner has also procedurally defaulted this ground for relief by failing to appeal the first 18 state post-conviction petition to the Arizona Court of Appeals. A habeas petitioner must 19 present his claims to the state's highest court in order to satisfy the exhaustion requirement 20 of 28 U.S.C. §§ 2254(b)(1) and (c). See Boerckel, 526 U.S. at 839-46. Petitioner's failure 21 to present the claim to the appellate court "in a timely fashion has resulted in a procedural 22 default of those claims." Id. at 848 (citing Coleman, 501 U.S. at 731-32). Although the 23 adequate and independent finding of procedural default may be overcome by a showing of 24 cause and prejudice or a fundamental miscarriage of justice, see Carrier, 477 U.S. at 485, 25 495, Petitioner has not demonstrated that any exception applies.

26    Third, the ineffective assistance of counsel claim contending that counsel failed to ask 27 questions and secure witnesses on Petitioner's behalf is likewise procedurally defaulted. The 28 claim was raised in a successive petition for post-conviction relief and the trial court ruled

- 9 -

1 that it could not be raised in an untimely Rule 32 proceeding and should have been raised in
2 the prior Rule 32 proceeding.  (Doc. 12, Exh. N.)  The state court's express reliance on
3 Arizona's procedural rule barring successive post-conviction relief proceedings constituted
4 an independent and adequate ground barring review of Petitioner's ineffective assistance
5 claim.  See Harris, 489 U.S. at 261-62; Poland, 169 F.3d at 585.  Although the adequate and
6 independent finding of procedural default may be overcome by a showing of cause and
7 prejudice or a fundamental miscarriage of justice, see Carrier, 477 U.S. at 485, 495,
8 Petitioner again has not established that any exception applies.

9     Accordingly, Grounds One through Three set forth in Petitioner's habeas petition are
10 procedurally defaulted, and Petitioner has not established cause for his failure to raise his
11 claims in state court, actual prejudice, or demonstrated that a miscarriage of justice would
12 result if these issues are not addressed.  Thus, the Court will recommend that Petitioner's
13 Amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

14     **IT IS THEREFORE RECOMMENDED** that Petitioner's Amended Petition for
15 Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DENIED** and
16 **DISMISSED WITH PREJUDICE**;

17     **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
18 to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Amended
19 Petition is justified by a plain procedural bar and jurists of reason would not find the
20 procedural ruling debatable.

21     This recommendation is not an order that is immediately appealable to the Ninth
22 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
23 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
24 parties shall have fourteen days from the date of service of a copy of this recommendation
25 within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1);
26 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen
27 days within which to file a response to the objections.  Failure timely to file objections to the
28 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 31st day of January, 2011.

*[signature: Michelle H. Burns]*

Michelle H. Burns
United States Magistrate Judge